**John R. Barhoum, OSB No. 045150**
Email: john.barhoum@chockbarhoum.com
**Michael A. Miller, OSB No. 066347**
Email: michael.miller@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison, Suite 415
Portland, OR 97204
Telephone: (503) 223-3000
Fax: (503) 954-3321
    Attorneys for Defendant Kerrie Conrad

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TIMOTHY MEACHAM**, | |
| Plaintiff, | No. 3:15-CV-00338-SI |
| v. | **DEFENDANT KERRIE CONRAD'S ANSWER AND AFFIRMATIVE DEFENSES** |
| **SPIRIT AIRLINES, INC. and; KERRIE CONRAD**, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

### DEFENDANT KERRIE CONRAD'S ANSWER AND AFFIRMATIVE DEFENSES TO

### PLAINTIFF TIMOTHY MEACHAM'S COMPLAINT

Defendant, Kerrie Conrad ("Defendant"), by and through her attorneys, Wilson

Elser Moskowitz Edelman & Dicker LLP, hereby provides its Answer to Plaintiff Timothy

Meacham's Complaint at Law as follows:

Page 1    DEFENDANT KERRIE CONRAD'S ANSWER AND
         AFFIRMATIVE DEFENSES

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

## **AND CLAIMS FOR RELIEF**

1. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

2. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

3. Admit that Defendant was working at Portland International Airport as an employee of Airport Terminal Services, Inc. ("ATS") and that a service agreement existed between ATS and defendant Spirit Airlines, Inc. ("Spirit"), the terms and conditions of which speak for themselves; therefore, this paragraph contains a legal conclusion that requires no response from this answering Defendant.

4. Defendant admits.

5. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

6. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

7. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

8. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same

9. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

10. As to the allegation that Defendant was a "Spirit supervisor," Defendant denies. As to the remaining allegations in this paragraph, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

11. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

12. Defendant denies all allegations contained in this paragraph.

13. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

14. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

15. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

16. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

17. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

18. Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

19. Defendant denies that "Conrad pushed him" and is without information sufficient to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

/ / /

Page 3    DEFENDANT KERRIE CONRAD'S ANSWER AND
         AFFIRMATIVE DEFENSES

## FIRST CLAIM FOR RELIEF – Negligence

### COUNT I – Premises and Invitee Liability as to Defendant Spirit

20. Defendant hereby reincorporates by reference each of its Answers to Paragraphs 1 through 19 as though fully set forth herein.

21. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

22. This paragraph contains a legal conclusion that requires no response from this answering Defendant. Defendant affirmatively denies that Conrad "pushed" Meacham or that she was an employee of Spirit. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

23. This paragraph contains a legal conclusion that requires no response from this answering Defendant. Defendant affirmatively denies that Conrad "pushed" Meacham or that she was an employee of Spirit. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

24. This paragraph contains a legal conclusion that requires no response from this answering Defendant. Defendant affirmatively denies that Conrad "became emotionally out of control," that she became "physical with Meacham" or that she was an employee of Spirit. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

25. This paragraph contains a legal conclusion that requires no response from this answering Defendant. Defendant affirmatively denies that Conrad "became emotionally

out of control and was going to get physical" or that she was an employee of Spirit. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

26. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

27. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

28. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

29. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

30. Defendant denies all allegations contained in this Paragraph.

31. Defendant denies all allegations contained in this Paragraph.

32. Defendant denies all allegations contained in this Paragraph.

33. Defendant denies all allegations contained in this Paragraph.

### COUNT II – Common Carrier Liability as to Defendant Spirit

34. Defendant hereby reincorporates by reference each of its Answers to Paragraphs 1 through 32 as though fully set forth herein.

35. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

36. Defendant denies all allegations contained in this Paragraph.

37. Defendant denies all allegations contained in this Paragraph, include subparagraphs (a)-(e).

38. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

39. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

40. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

41. Defendant denies all allegations contained in this Paragraph.

42. Defendant denies all allegations contained in this Paragraph.

43. Defendant denies all allegations contained in this Paragraph.

44. Defendant denies all allegations contained in this Paragraph.

## COUNT III – Negligence as to Spirit and Conrad

45. Defendant hereby reincorporates by reference each of its Answers to Paragraphs 1 through 44 as though fully set forth herein.

46. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

47. This paragraph contains a legal conclusion that requires no response from this answering Defendant. As to any factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

48. Defendant denies all allegations contained in this Paragraph.

49. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

50. Defendant denies all allegations contained in this Paragraph.

51. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

52. Defendant affirmatively denies that Defendant acted negligently. As to any other factual allegations, Defendant is without information sufficient to admit or deny these allegations and therefore denies the same.

53. Defendant denies all allegations contained in this Paragraph.

54. Defendant denies all allegations contained in this Paragraph.

55. Defendant denies all allegations contained in this Paragraph, include subparagraphs (f)-(j).

56. Defendant denies all allegations contained in this Paragraph.

57. Defendant denies all allegations contained in this Paragraph.

58. Defendant denies all allegations contained in this Paragraph.

59. Defendant denies all allegations contained in this Paragraph.

60. Defendant denies all allegations contained in this Paragraph.

61. Defendant denies all allegations contained in this Paragraph.

## SECOND CLAIM FOR RELIEF – Battery, Spirit and Conrad

62. Defendant hereby reincorporates by reference each of its Answers to Paragraphs 1 through 61 as though fully set forth herein.

63. Defendant denies all allegations contained in this Paragraph.

64. Defendant denies all allegations contained in this Paragraph.

65. Defendant denies all allegations contained in this Paragraph.

66. Defendant denies all allegations contained in this Paragraph.

67. Defendant denies all allegations contained in this Paragraph.

68. Defendant denies all allegations contained in this Paragraph.

69. Defendant denies all allegations contained in this Paragraph.

## DEFENDANT KERRIE CONRAD'S AFFIRMATIVE DEFENSES

1. Though Defendant denies any liability to Plaintiff for any damages whatsoever, upon information and belief, Plaintiff may have failed to mitigate his damages.

2. The actions of Plaintiff himself may have caused or contributed in whole or in part to the damages of which he complains in his Complaint at Law.

3. Any alleged damages suffered by Plaintiff resulted from acts and/or omissions of other parties or non-parties over whom this Defendant had no control or right to control.

4.      That Plaintiff may have failed to name as a party to this action a corporation or organization in absence of whom the disposition of this action will leave this Defendant subject to a substantial risk of incurring double or multiple obligations.

5.      That Plaintiff's claims against this Defendant fail to state a claim upon which relief can be granted.

6.      Plaintiff's state law claims, if any, are preempted by the federal common law under the Federal Aviation Act and applicable regulations promulgated thereunder.

7.      That Plaintiff's claims against this answering Defendant are barred due to superseding and intervening causes.

## **PRAYER**

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant prays that judgment be entered against the Plaintiff and in favor of Defendant, that the Complaint and every count therein be dismissed, that costs and disbursements be awarded to Defendant, and that Defendant have such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant demands a trial by jury.

Dated this 2nd day of June, 2015.

        CHOCK BARHOUM LLP

        _/s/ signature_

        John R. Barhoum, OSB No. 045150
        Email: john.barhoum@chockbarhoum.com
        Michael A. Miller, OSB No. 066347
        Email:michael.miller@chockbarhoum.com
            Attorneys for Defendant Kerrie Conrad

And

        William J. Katt (*Pro Hac Vice*)
        Email: william.katt@wilsonelser.com
        John P. Loringer (*Pro Hac Vice*)
        Email: john.loringer@wilsonelser.com

        WILSON ELSER MOSKOWITZ EDELMAN &
        DICKER LLP
        740 N. Plankinton Ave., Suite 600
        Milwaukee, WI 53203
        Telephone: (414) 276-8816
        Fax: (414) 276-8819