William Ball, OSB No. 011558
E-mail: ball.will@gmail.com
Attorney William Ball, LLC
420 SW Washington Street, Suite 400
Portland Oregon 97204
Telephone: (503) 477-8194
Facsimile: (877) 479-0429

Of Attorneys for Plaintiff, Timothy Meacham

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DISTRICT

| | |
|---|---|
| TIMOTHY MEACHAM,,<br><br>    Plaintiff<br><br>V.<br><br>SPIRIT AIRLINES INC.; KERRIE CONRAD, and; AIRPORT TERMINAL SERVICES, INC., a Missouri Corporation.<br><br>    Defendants. | **Case No.** 3:15-cv-00338-SI<br><br>**FIRST AMENDED COMPLAINT**<br>(Negligence, Battery)<br><br>**JURY TRIAL REQUESTED**<br><br>**Amount Prayed For:** $973,415 |

Plaintiff, Timothy Meacham, by and through his attorney, William Ball, alleges as follows:

### I. PARTIES

1. Timothy Meacham, "Plaintiff" or "Meacham" herein, is an individual who is currently residing in Grants Pass Oregon.

2. Spirit Airlines, ("Spirit") herein, is a Florida corporation doing business as a commercial passenger airline at Portland International Airport in Oregon.

Page 1 of 10 – FIRST AMENDED COMPLAINT

3. Defendant, Kerrie Conrad ("Conrad"), currently resides in Vancouver Washington.

4. Defendant, Airport Terminal Services, Inc. ("ATS") is a Missouri corporation, with its principal placed of business located at 111 Westport Plaza Drive, Suite. 400, Saint Louis Missouri 63146.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC§§ 1332.

6. As indicated above, this action is between parties with complete diversity.

7. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

8. Venue in this district is proper under 28 USC§§ 1391.

## III. GENERAL ALLEGATIONS

9. Based on information and belief, and at all material times hereto, ATS was a contractor, sub-contractor, or agent which performs various duties on behalf of Spirit.

10. On information and belief, Spirit expressly or impliedly agreed to assume the liabilities of ATS regarding injuries to passengers caused by ATS employees.

11. Conversely, on information and belief, ATS has expressly or impliedly agreed to indemnify Spirit for its tortuous conduct such as that alleged in this matter.

12. At all material times Conrad was working at Portland International Airport within the scope of her duties as an employee of ATS.

13. *Plaintiff relies on the doctrine of Respondeat superior. The conduct of ATS and*

Page 2 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

*Conrad, as alleged herein, directly imputes liability to Spirit without regard for Spirit's fault.*

14. Based on information and belief, Spirit had the right to control the physical details of the manner of performance of the conduct of ATS and Conrad which gave rise to the torts which are the basis for this action.

15. Further, Spirit and ATS had an agency relationship that resulted from the manifestation of consent by Spirit to ATS that ATS shall *act on behalf of and subject to Spirit's control*, and consent by Spirit to so act.

16. In addition, Spirit had the right to control the physical details of the manner of performance of the conduct giving rise to the torts of ATS and Conrad as alleged herein.

17. The acts of ATS and/or Conrad were within the course and scope of their duties to Spirit because tortuous conduct occurred substantially within the time and space limits authorized by the Spirit.

18. The acts of ATS and/or Conrad were within the course and scope of their duties to Spirit because they were motivated, at least partially, by a purpose to serve Spirit.

19. The tortuous conduct of ATS and/or Conrad were within the course and scope of their duties to Spirit because they were acts Spirit engaged them to perform.

20. The *harm caused to Meacham by the tortuous conduct of ATS and/or Conrad resulted from activity from which Spirit received benefit*.

Page 3 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

21. The events giving rise to this action occurred on or about January 30, 2013, in Multnomah County at the Portland International Airport.

22. On or about January 30, 2013, Meacham followed through with plans to take a short term vacation to Las Vegas with three others, Allison McDonouth ("Allison"), Sarah Torneby ("Sarah"), and Megan Torneby ("Megan") for Megan's 25th birthday.

23. Meacham purchased his airline ticket on Spirit from Portland to Las Vegas off of the website Expedia.com.

24. Previously, in March 2010, Meacham had been seriously injured in an automobile accident when another car t-boned the car he was driving. Meacham suffered from a fracture of his L4-L5 vertebrae. Almost three years later, in January 2013, Meacham was feeling significant improvements with his back and was beginning to experience greater freedom with his ability to move about. He was excited about traveling on an airplane to Las Vegas because he was feeling better and had not had as many opportunities to travel. However, on the day in question, he was using a cane to walk, stand and to support much of his body weight in compensation for his broken back.

25. Meacham met Allison, Sarah, and Megan at the Portland airport. They all proceeded to Spirit Airlines Gate D-2, and eventually boarded the airplane and took their seats.

26. At all material times hereto, Gate D-2 was managed and controlled by Spirit and/or ATS.

Page 4 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

27. Soon after boarding the Spirit plane and being seated, an ATS supervisor, Conrad, came aboard the plane and ordered Allison, Sarah, Megan and Meacham to exit the plane. Conrad escorted the 4 individuals off of the plane.

28. Meacham and his companions exited the Spirit Airline plane at Gate D-2.

29. As Meacham was walking with his cane up the ramp on the jet way, Conrad pushed Meacham down. Without warning she shoved Meacham in the back. Conrad's push caused Meacham to fall forward, lose his balance and fall. He fell into the wall of the jet way and then fell to the ground. When Conrad pushed Meacham down and caused him to fall, he was also helpless to naturally prevent his fall due to his disability. As a result, Meacham fell to the ground unnaturally causing him to injure, aggravate and otherwise exacerbate the injury to his back. He immediately began to suffer excruciating pain in his back to the extent he could be moved.

30. Meacham lay on the ground in a supine position until paramedics arrived. He had difficulty talking with the attending paramedics for several minutes due to the overwhelming pain.

31. In the AMR ambulance on the way to Providence hospital, Meacham rated his pain at the highest levels. Paramedics repeatedly administered strong pain medication to Meacham in order to alleviate the pain.

32. Meacham was treated at Providence Hospital. He was released with prescriptions for pain medication for his neck, shoulders and back.

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

33. On February 03, 2013, Meacham was still bed bound. While lying in bed in his home still in pain from the fall he was feeling drowsy and confused from the pain medication. The curtain over the window next to his bed caught on fire from a nearby candle. Feeling sleepy, drowsy, confused and having impaired judgment resulting from the pain medication, Meacham attempted to put out the blazing curtains with his bare hands. He sustained severe burns to his right hand and first and second degree burns to his left hand. His right hand index finger was the worst, as it was completely blanched white with waxy texture. He had almost no sensation of the index finger and only slight sensation of his thumb and middle fingers.

34. Meacham suffered exceptional pain from the burns. He was immediately taken to the Legacy Hospital Emergency Room for treatment for the burns.

35. Meacham suffered severe pain to his hands for the next few months in recovering from the burns. He has permanent scaring on his right hand from the curtain fire in his bedroom. He was also bed bound while recovering from his burns due to his back injury.

36. Meacham's back pain has continued from when he was pushed to date. It will continue indefinitely. Every day since Conrad pushed him, Meacham's life has been diminished. Meacham suffers constant back pain from the fall. He has had trouble using his left hand since he was pushed down. He has trouble sleeping, moving about, and engaging in everyday daily living activities. He uses a special bed. He requires the assistance of others to prepare his meals, clean, prepare his

Page 6 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

laundry and organize his things. He still requires the use of a cane most of the time.

## IV. LIABILITY

## FIRST CLAIM FOR RELIEF –Negligence

### Count I –Premises and Invitee Liability as to Defendants Spirit and ATS

37. Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs of this complaint, and incorporates them herein by reference as though set forth herein at length.

38. Meacham, a customer of Spirit, was a business invitee of Spirit and/or ATS. The invitation to Meacham to purchase a ticket to fly on Spirit from Portland to Las Vegas was expressly and/or impliedly given to Meacham by an agent of Spirit. Meacham's presence on Spirit and/or ATS's property was in the economic interest of the defendants Spirit and/or ATS.

39. At all material times hereto, Spirit and/or ATS owed Meacham a duty to exercise reasonable care in protecting Meacham from unreasonable risks of harm while on the defendants' premises, including the acts of defendants' employees, and agents. Spirit and/or ATS failed to make their premises reasonably safe for Meacham. Spirit and/or ATS breached their duty to Meacham to act as a reasonable careful person would act under similar circumstances when Conrad pushed him and forced him to fall to the ground while he was disabled and using a cane.

40. Spirit and/or ATS knew or should have known at the time of Meacham's injuries

Page 7 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

that pushing him down, putting hands on him and pushing him could cause injury to Meacham. Agents of Spirit and/or ATS did not use reasonable care because Meacham was safe when he began walking up the jet way at gate D-6 and defendants' agent elevated the risk of harm to Meacham by pushing him, putting her hands on him, and causing him to fall while disabled and using a cane.

41. Spirit and/or ATS breached their duty to Meacham when their agent became emotionally out of control thereby creating an unreasonable risk of harm to Meacham under the circumstances. Defendants also breached their duty to exercise reasonable care by eliminating the condition creating the risk of harm, i.e., remaining calm, not becoming physical with Meacham, and allowing him to walk up the jet way on his own accord and without physical force.

42. Spirit and/or ATS breached their duty to Meacham to warn him of the risk of harm, i.e., that an employee could become emotionally out of control and was going to get physical with him while he was relying on the use of a walking aid.

43. Spirit and/or ATS failed to use reasonable care in protecting Meacham from injury by failing to reasonably and adequately train and supervise their employees, agents and security personnel regarding safe procedures for controlling conflict without physical escalation, and assisting disabled people using canes.

44. Meacham had a bodily condition that predisposed him to be more subject to injury than a person in normal health. Spirit and ATS are liable for any and all

Page 8 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

injuries and damages that have been suffered by Meacham as the result of their own negligence, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances.

45. The injuries which Meacham sustained as the result of the negligence of Spirit aggravated a preexisting injury and/or disability of his.

46. Spirit and/or ATS's employees, or agents, in committing the aforesaid actions, caused Meacham to sustain serious bodily injuries as set forth above. Meacham's injuries were due the Defendants' negligence.

47. The incident in question and Meacham's resulting injuries were directly and proximately caused by the negligence of the Defendants.

48. Spirit and/or ATS's negligence caused Meacham's injuries and will into the indefinite future continue to cause him pain and suffering, discomfort, humiliation, disruption of life, emotional distress, emotional injury, worry, and interference with his normal daily living activities, all to his non-economic damages in the amount of $900,000.

49. As a direct result of Spirit and/or ATS's negligence, Meacham incurred direct economic damages for medical, treatment and care expenses. Meacham will continue to incur medical and related treatment expenses up to and through the time of trial.

50. Meacham will continue to incur medical costs for treatment, surgery, chiropractic care, and massage therapy. He will also require the help of an in-home care

Page 9 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

provider to help him with his daily living activities. As a direct result of defendants' negligence, Meacham will incur future medical costs in the amount to be determined at trial for the remainder of his life.

### Count II –Common Carrier Liability as to Defendant Spirit and ATS

51. Plaintiff incorporates the preceding paragraphs of this Complaint and makes them a part of this Cause of Action as if set forth in exact words and figures herein.

52. At all material times hereto, Spirit and/or ATS had the duties of a common carrier. As a common carrier Spirit and/or ATS owed Meacham the highest degree of care and skill practicable for it to exercise under the circumstances. As a common carrier, Spirit and/or ATS had a heightened duty to ensure Meacham's safety, who was disabled, using a cane, and recognizably and exceptionally vulnerable to injury.

53. Spirit and/or ATS breached their duty to Meacham when Conrad pushed him down, put her hands on Meacham, pushed him, and/or otherwise caused him to lose his balance while he was disabled and using a cane, fall into the nearby wall and fall to the floor in excruciating pain from injuring his broken back.

54. At the time and place of the injury, Spirit and/or ATS was in breach of their duties in one or more of the following particulars:

(a) Pushing the plaintiff down;

(b) Pushing Plaintiff in the back;

Page 10 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

(c) Conrad putting her hands on Meacham, applying enough pressure to cause him to fall;

(d) In Spirit and/or ATS failing to provide a safe environment for deplaning, and;

(e) In Spirit and/or ATS failing to instruct their employees in a safe and proper method for removing disabled passengers from the plane and into the boarding area.

55. Meacham had a bodily condition that predisposed him to be more subject to injury than a person in normal health. Spirit and/or ATS are liable for any and all injuries and damage that have been suffered by Meacham as the result of their own negligence, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances.

56. The injuries which Meacham sustained as the result of the negligence of Spirit and/or ATS aggravated a preexisting injury and/or disability of his.

57. Spirit and/or ATS's employees, or agents, in committing the aforesaid actions, caused Meacham to sustain serious bodily injuries as set forth above. Meacham's injuries were due the Defendants' negligence.

58. The incident in question and Meacham's resulting injuries were directly and proximately caused by the negligence of the Defendants.

59. Spirit and/or ATS's negligence caused Meacham's injuries and will into the indefinite future continue to cause him pain and suffering, discomfort, humiliation, disruption of life, emotional distress, emotional injury, worry, and

Page 11 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

interference with his normal daily living activities, all to his non-economic damages in the amount of $900,000.

60. As a direct result of Spirit and/or ATS's negligence, Meacham incurred direct economic damages for medical and care expenses. Meacham will continue to incur medical and related care expenses up to and through the time of trial.

61. Meacham will continue to incur medical costs for treatment, chiropractic care, and massage therapy. He will also continue to require the help of an in-home care provider to help him with his daily living activities. As a direct result of defendants' negligence, Meacham will incur future medical costs in the amount to be determined at trial for the remainder of his life.

## Count III –Negligence as to Spirit, ATS and Conrad

62. Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs of this complaint, and incorporates them herein by reference as though set forth at length.

63. Spirit, its employees and agents, owed Meacham a duty of reasonable care.

64. ATS, its employees and agents, owed Meacham a duty of reasonable care.

65. Conrad owed Meacham a duty of reasonable care.

66. Spirit, ATS, and Conrad breached their duty to Meacham to act as a reasonable careful person would act under similar circumstances when Conrad pushed him down, put her hands on Meacham, pushed him, and/or otherwise caused him to lose his balance, fall into the nearby wall and fall to the floor in excruciating pain from injuring his broken back.

Page 12 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

67. In addition, Spirit, ATS, and Conrad failed to use reasonable care in protecting Meacham from injury by failing to reasonably and adequately train their employees, agents, and security personnel in assisting vulnerable, disabled passengers using canes.

68. Spirit, ATS, and Conrad failed to exercise their duty of reasonable care to Meacham when Conrad caused physical injury to Meacham as described above, and particularly in regards to the unwarranted and extreme use of physical force.

69. Meacham had a bodily condition that predisposed him to be more subject to injury than a person in normal health. The defendants are liable for any and all injuries and damage that have been suffered by Meacham as the result of their own negligence, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances.

70. The injuries which Meacham sustained as the result of the negligence of the defendants aggravated a preexisting injury and/or disability of his.

71. It was reasonably foreseeable that by Conrad putting her hands on Meacham that it would cause him harm. Under the circumstances, Conrad knowing that Meacham was walking with the aid of a walking cane, it was unreasonable for her to push him down or otherwise put her hands on Meacham without first warning or asking him, pushing him to such a degree so as to cause him to fall or lose his balance.

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

72. It was reasonably foreseeable that Spirit and/or ATS's employee's negligent conduct in causing Meacham to fall and injure his back that Meacham would experience exceptional pain and suffering, have to take pain medications, and as a result suffer additional injury.

73. At the time and place of the injury, Spirit, ATS, and Conrad were in breach of their duties in one or more of the following particulars:

    (a) Pushing the plaintiff down;

    (b) Pushing Plaintiff in the back;

    (c) Conrad putting her hands on Meacham, applying enough pressure to cause him to fall;

    (d) In Spirit and/or ATS failing to provide a safe environment for deplaning, and;

    (e) In Spirit and/or ATS failing to instruct their employees in a safe and proper method for removing disabled passengers from the plane and into the boarding area.

74. As a result of defendants' negligence, Meacham sustained the following serious and permanent injuries:

    a. Further injuring Meacham's broken back;

    b. Reinjuring Meacham's broken back;

    c. Serious, debilitating back pain;

    d. Serious, debilitating leg pain;

    e. Serious, debilitating neck pain

    f. Burning his hand;

    g. Permanent scaring to his right hand.

Page 14 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

75. The incident in question and Meacham's resulting injuries were directly and proximately caused by the negligence of the Defendants.

76. Spirit, ATS, and Conrad's negligence caused Meacham's injuries and will into the indefinite future continue to cause him pain and suffering, discomfort, humiliation, disruption of life, emotional distress, emotional injury, worry, and interference with his normal daily living activities, all to his non-economic damages in the amount of $900,000.

77. As a direct result of defendants' negligence, Meacham incurred direct economic damages for medical and care expenses. Meacham will continue to incur medical and related treatment expenses up to and through the time of trial.

78. Meacham will continue to incur medical costs for treatment, chiropractic care, and massage therapy. He will also require the help of an in-home care provider to help him with his daily living activities. As a direct result of defendants' negligence, Meacham will incur future medical costs in the amount to be determined at trial for the remainder of his life.

79. Defendants are joint and severally liable for the damages their negligence caused Meacham.

**SECOND CLAIM FOR RELIEF – Battery, Spirit, ATS and Conrad**

80. Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs of this complaint, and incorporates them herein by reference as though set forth at length.

81. The act pushing down Meacham and Conrad putting her hands on Meacham

Page 15 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

and pushing him were without his consent and against his will.

82. Said acts were physically injurious, painful, degrading and offensive.

83. Said acts constituted acts of battery committed against Meacham.

84. Defendants are jointly and severally liable for the damages resulting from the battery to Meacham.

85. As a result of the above-described battery, Meacham suffered great fear and humiliation, a sense of helplessness, loss of control, and personal violation, and has suffered, continues to suffer, and may permanently suffer from back and neck pain, feelings of fear, humiliation, disgust, and feelings of vulnerability, all to his noneconomic damage in the amount of $900,000.

86. As a further result of defendants' conduct, Meacham is entitled to noneconomic damages in an amount to be proven at trial.

87. As a result of defendants' conduct, Meacham suffered severe emotional distress, in an amount to be determined at trial.

ADDITIONAL CLAIMS FOR RELIEF

88. Plaintiff reserves the right to plead punitive damages at a later time.

89. Plaintiff reserves the right to plead additional claims as they become discovered by Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

a) On all Causes of Action, judgment in his favor for past and future pain and suffering against defendants in the amount of $900,000 in noneconomic damages.

Page 16 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

b) On all Causes of Action, judgment in his favor and against defendants in the amount of up to $73,415 in economic damages.

c) On all Causes of Action, judgment in his favor and against defendants in the amount to be determined at trial for future medical costs and treatment for the plaintiff.

d) On all Causes of Action, costs, expenses, including attorney fees against defendants.

e) On all Causes of Action, such other and further relief as the Court may deem just and proper.

Dated this June 4, 2015

/s/ William Ball
William Ball OSB 011558
420 SW Washington St., Ste 400
Portland Oregon 97204
Ball.Will@gmail.com
503-477-8194
Fax: 877-479-0429

Page 17 of 10 – FIRST AMENDED COMPLAINT

ATTORNEY WILLIAM BALL, LLC
420 SW WASHINGTON, SUITE 400
PORTLAND, OREGON 97204
TEL (503) 477-8194 /FAX (877)479-0429
Ball.Will@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendant Disability Access Corporation's Notice of Appearance Through Counsel upon the following parties by the method(s) indicated below on June 4, 2015.

Attorneys for Spirit:

Steven O. Rosen
The Rosen Law Firm, PC
1000 SW Broadway, Suite 1220
Portland, OR 97205
503-525-2525
Fax: 503-525-2526
Email: rosen@rosenlawfirm.com

Elizabeth M. Ferrarini
The Rosen Law Firm, PC
1000 SW Broadway, Suite 1220
Portland, OR 97205
(503) 525-2525
Fax: (503) 525-2526
Email: ferrarini@rosenlawfirm.com

Attorneys for Defendants ATS and Kerrie Conrad:

Mr. Michael A. Miller
Mr. John R. Barhoum
Chock Barhoum LLP
121 SW Morrison, Suite 415
Portland, OR 97204

Mr. John P. Loringer
Mr. William J. Katt
Wilson Elser Moskowitz Edelman & Dicker LLP
740 N. Plankinton Ave, Suite 600
Milwaukee, WI 53203

By CM/ECF

By:   */s/ William Ball*
   William Ball, OSB 011558
   Attorney for Plaintiff

- 18 -